## HOFFHINES v BREEN

Ohio Appeals, 2nd Dist, Franklin Co

No 2812.   Decided April 14, 1938

David E. Evans, Columbus, and G. E. Mc-Vey, Bellaire, for plaintiff-appellant.

J. F. Seidel, Columbus, and J. R. Tritchler, for defendant-appellee.

### OPINION

By GEIGER, J.

The parties stood below as in this court. The petition asserts that on August 10, 1935, plaintiff rented certain premises from defendant and moved therein; that at the time she moved there was a strip of wire fence and pieces of wire in the grass and weeds along the sidewalk on said premises, which were knoown by the defendant to be broken and lying down in the grass and weeds on the west porion of the premises rented, and were not known to the plaintiff; that on September 7th, 1935, at 9:00 P. M. plaintiff walked from a house, located just west of defendant's property, toward the sidewalk on the west side of the property belonging to the defendant and while so walking from neighbor's house, plaintiff's feet became entangled and caught in said wire fence and pieces of wire throwing her to the sidewalk along the west line of the defendant's property, whereby she was injured as specified; that the defendant was negligent in leaving said wire and pieces of broken wire concealed from view in the weeds and grass on her property adjoining the sidewalk; that defendant concealed from the plaintiff the fact that the wire was on the property as aforesaid and such concealment was fraud on the rights of the plaintiff and that a reasonable inspection of the premises would not have revealed said wire.

Judgment was asked in the sum of $2500.00.

Defendant answered denying the injuries and denying all other allegations of the plaintiff.

The cause came on for hearing before a jury and at the conclusion of the plaintiff's case the defendant moved for a directed verdict, which motion was overruled.   At the conclusion of all the evidence defendant repeated the motion, which the court sustained and directed the jury to return a verdict for defendant.

Motion for new trial was filed, overruled and judgment returned for the defendant.

Notice of appeal on questions of law and fact was filed.

This is not a proper notice of appeal, as the case was one at law, but a bill of exceptions was filed within proper time and the case proceeds before us as though original notice was correctly given.

The evidence disclosed the fact that the premises rented were the lower floor on the west side of a duplex building; that the tenant gained access to the rented premises, either through a front door entering from the porch or a side door reached by a sidewalk about two feet wide built along the west side of the building about six inches from the foundation.

The plaintiff, by her petition, claims that along the west edge of this sidewalk concealed in the grass and weeds were two strands of. wire and that when she proceeded from her neighbor's house toward the sidewalk, admitting her to her side door, her feet became entangled in a strand of wire which was loose at one end but at the other was attached to a small platform at the end of the sidewalk along the west side of the house. Evidence was introduced indicating that a number of persons had tripped over the concealed wire and that after the accident the defendant caused the same to be removed. The defendant asserted that the wires had not been erected by herself nor on her own premises, but by a neighbor and that it was at least six inches west of her west line.

The court sustained the motion for a judgment for the defendant on the ground that the testimony did not support the allegations of the petition because of the failure of the proof that the wire was on the defendant's property and further that ordinary care would have advised the tenant of any defect in the premises by virtue of the wire and that there was no evidence that the defendant knew or could have known about the wire hidden in the grass.

We think the court was justified in coming to this conclusion, but we are more impressed with the fact that the plaintiff in her own testimony beginning at page 65, asserted and repeated that the wire which caused her to be thrown was located on the sidewalk and that the same became entangled about her ankle causing her to be thrown. She seems to have completely abandoned the claim upon which her petition was based, that she tripped over a wire concealed in the weeds and high grass, If what she says is true, that she was not tripped until after she had taken two or three steps on the sidewalk, her accident was caused not by a concealed defect but by her contact with a wire which in some way had lodged itself upon the cement sidewalk.

The defendant admits that after the accident she removed a wire running along her west property line but not on her property line, but west thereof, but that this wire was placed there without her knowledge by a former tenant of the adjacent property. Inasmuch as it was still buried in the grass and weeds, it was not the wire upon which the plaintiff tripped. The casual wire upon the sidewalk causing the injury was not within the rule making

the landlord liable to the tenant. The landlord does not warrant the condition of the property and is not liable for negligence with respect to caring for the same, except on the theory of warranty, which was not present in this case and the failing to reveal a latent defect that was known to the landlord but not discoverable by the tenant in the exercise of ordinary care.

The record has been in a measure confusing in that witnesses constantly make reference to plats and diagrams indicating distances and positions of objects on the plats, which are not before the court. Three exhibits are referred to but none are attached to the bill of exceptions. Counsel might be more helpful to the reviewing court in such matters to the end that the record might be more easily interpreted.

The motion for directed verdict raises the question as to the legal sufficiency of the evidence and should be overruled if the evidence is such that reasonable minds might differ as to the inferences to be drawn therefrom, but we fail to see that reasonable minds could differ as to the effect of the evidence, interpreted by the rules of the landlord and tenant.

Judgment affirmed. Appeal dismissed.

BARNES, PJ, and HORNBECK, J, concur.